**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **ERROL M. WINDHOM,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **VS.** | : | **NO. 5:11-CV-43 (MTT)** |
| | : | |
| **JAMES C. WALLACE,** | : | |
| | : | **Proceeding Under 42 U.S.C. § 1983** |
| **Defendant.** | : | **Before the U.S. Magistrate Judge** |
| _____ | : | |

## RECOMMENDATION

Before the Court is Defendant James C. Wallace's Motion for Summary Judgment. Doc. 17. Because Plaintiff Errol M. Windhom has failed to demonstrate any genuine issue of material fact in regard to his claims, and because Defendant is entitled to judgment as a matter of law, it is hereby **RECOMMENDED** that Defendant's Motion for Summary Judgment be **GRANTED**.

## PROCEDURAL AND FACTUAL HISTORY

On February 3, 2011 Plaintiff filed the above-captioned action pursuant to 42 U.S.C. § 1983, alleging that Defendant James C. Wallace violated his constitutional rights by applying excessive force against Plaintiff and denying Plaintiff access to medical care while Plaintiff was incarcerated at the Peach County Jail (PCJ). Doc. 1. Specifically, Plaintiff contends that Defendant pepper-sprayed Plaintiff and dragged Plaintiff to the shower, and that Defendant did not provide Plaintiff with any medical treatment following the incident.

Construed in a light most favorable to Plaintiff, the facts of the case are as follows: Prior to the incidents alleged in Plaintiff's complaint, Plaintiff was admitted to the Peach County Hospital due to back injuries sustained in an unrelated incident. Pl.'s Aff. (Doc. 20-1). Upon Plaintiff's release from the hospital on December 24, 2010, Plaintiff was returned to the PCJ and

1

placed in an observation cell. Id. At approximately 1:00 a.m. on December 25, 2010, Plaintiff awoke in pain and believed that there were bugs crawling on him. Id. Plaintiff crawled across the cell and began screaming for help and kicking on the door. Id. When no one responded, Plaintiff began slamming his wheelchair into the door. Id. Defendant then came to Plaintiff's cell and ordered him to stop banging on the door. Id. Plaintiff continued to bang on the door. Id. Defendant then came back to Plaintiff's cell and informed Plaintiff that he would pepper-spray Plaintiff if Plaintiff continued to bang on the door. Id. Plaintiff continued to bang on the door, and Defendant returned to the cell and pepper-sprayed Plaintiff. Id.

Plaintiff then crawled to the sink in his cell to wash the spray off his face. Id. Plaintiff refused to leave the sink area when Defendant ordered Plaintiff to accompany Defendant to the shower to be decontaminated. Id.; Wallace's Aff. (Doc. 17-1); Hardy Aff. (Doc. 22-1). Defendant then removed Plaintiff from the sink area by his ankles. Pl.'s Aff. (Doc. 20-1). With the assistance of Officer Hardy, Defendant dragged Plaintiff to the showers and physically put Plaintiff in the shower to be decontaminated. Id.; Wallace's Aff. (Doc. 17-1); Hardy Aff. (Doc. 22-1). Defendant turned on the shower and left Plaintiff in the shower for thirty minutes to be decontaminated. Id. After showering, Plaintiff returned to his cell and was not given any more medical treatment that night. Id. Plaintiff alleges that Defendant did not provide Plaintiff with a wheelchair following the incident. Id. Plaintiff states that Defendant later apologized for the way he handled the situation. Pl.'s Aff. (Doc. 20-1).

Defendant's testimony depicts a slightly different series of events. Defendant testified that Plaintiff woke up complaining of pain while in the observation cell. Wallace's Aff. (Doc. 17-1). After Defendant provided Plaintiff with Tylenol and an ice pack, Plaintiff became agitated and began banging on the cell door. Id. Following multiple orders instructing Plaintiff to refrain

2

from banging on the door, Defendant threatened to pepper-spray Plaintiff if he continued to bang on the door. Id. At this point Plaintiff attempted to kick the door closed with Defendant still standing in between the door and the door jam. Id. Defendant then pepper-sprayed Plaintiff. Id. After Plaintiff refused to accompany Defendant to the showers, Defendant physically moved Plaintiff to the showers with the assistance of Officer Hardy. Id. Plaintiff does not directly refute any of Defendant's testimony.

LEGAL STANDARD

In accordance with Rule 56 of the Federal Rules of Civil Procedure, summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A genuine dispute of material fact arises only when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Cleotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). If the moving party meets this burden, the burden shifts to the nonmoving party to go beyond the pleadings and present specific evidence showing that there is a genuine issue of material fact, or that the moving party is not entitled to judgment as a matter of law." Id. at 324-26. If the evidence presented by the non-movant is "not significantly probative" or is "merely colorable," then summary judgment must be granted. Anderson, 477 U.S. at 249. In fact, summary judgment must be entered "against a party who

fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

<u>DISCUSSION</u>

The evidence in this case fails to establish a genuine issue of material fact regarding Plaintiff's claims that Defendant used excessive force against Plaintiff and failed to provide Plaintiff with medical care while Plaintiff was incarcerated at the PCJ on December 25, 2010.

1. <u>Excessive force</u>

Plaintiff has failed to establish that Defendant used excessive force against Plaintiff. Because Plaintiff was a pretrial detainee at the PCJ, Plaintiff's claims must be examined under the Due Process Clause of the Fourteenth Amendment. <u>Wilson v. Blankenship</u>, 163 F.3d 1284, 1291 (11th Cir. 1998). An excessive force claim under the Fourteenth Amendment requires the same analysis as an excessive force claim under the Eight Amendment. <u>Fennell v. Gilstrap</u>, 559, F.3d 1212, 1216 n. 5 (11th Cir. 2009) (citing <u>Bozeman v. Orum</u>, 422 F.3d 1265, 1271 (11th Cir. 2005). To establish a claim of excessive force, an inmate must present evidence to show that the force was applied "maliciously and sadistically for the very purpose of causing harm" rather than "in a good faith effort to maintain or restore discipline." <u>Whitley v. Albers</u>, 475 U.S. 312, 320-21 (1986). Courts evaluating claims of excessive force consider five factors "relevant to ascertaining whether force was used 'maliciously and sadistically for the very purpose of causing harm.'" <u>Campbell v. Sikes</u>, 169 F.3d 1353, 1375 (11th Cir. 1999) (quoting <u>Whitley</u>, 475 U.S. at 321). These five factors are:

    (1)     the extent of the injury;

    (2)     the need for application of force;

    (3)     the relationship between that need and the amount of force used;

(4)      any efforts made to temper the severity of a forceful response; and

(5)      the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of facts known to them.

Id.

Additionally, the use of force against an inmate while trying to secure the inmate or prevent harm to others "does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied for security purposes was unreasonable, and hence unnecessary in the strict sense." Campbell, 169 F.3d at 1372. Prison officers are given a wide range of deference acting to preserve discipline and security, and "guards may use force when necessary to restore order and need not wait until disturbances reach dangerous proportions before responding." Cockrell v. Sparks, 510 F.3d 1307, 1311 (11th Cir. 2007). Courts have further held that even simple inmate disobedience, in the form of refusal of verbal orders, may justify the use of pepper spray. See Danley v. Allen, 540 F.3d 1298, 1307 (11th Cir. 2008).

In this case, the record indicates that Defendant's actions were a good faith attempt to restore discipline after Plaintiff refused to comply with Defendant's orders. Plaintiff has failed to show that Defendant acted maliciously for the very purpose of causing harm. Plaintiff admits that he was shouting and kicking and banging on his cell door at one o'clock in the morning. Plaintiff admits that he refused to comply with Defendant's orders to cease the disturbance. Plaintiff further admits that Defendant warned him that continued non-compliance would result in the use of pepper spray. Plaintiff continued to disobey Defendant's orders, and Defendant therefore pepper-sprayed Plaintiff.

Following the use pepper spray on Plaintiff, Defendant was required by PCJ policy to decontaminate Plaintiff in the shower for thirty minutes. See Henry Aff. (Doc. 22-1). Because

5

Plaintiff refused to accompany Defendant to the shower voluntarily, Defendant physically removed Plaintiff from the cell and dragged him to the showers with the assistance of Officer Henry. Although grabbing Plaintiff by the ankles and pulling him away from the sink area was possibly more aggressive than necessary to gain control of Plaintiff, such action was within the wide range of deference allowed to prison officials acting to preserve discipline and security, and cannot be construed as malicious and sadistic or for the very purpose of causing harm.

Plaintiff was not severely injured by the pepper spray or the manner in which he was taken to the showers. Although pepper spray causes extreme discomfort, Plaintiff does not allege any injuries as a result of the pepper spray. Although Plaintiff alleges that the dragging caused additional pain to his already injured back, Defendant submitted an MRI of Plaintiff's back taken five days after the incident, indicating that Plaintiff's back condition had not worsened since a previous MRI taken prior to the incident. Doc. 22-2.

Because Plaintiff continuously disobeyed Defendant's orders, some use of force by Defendant was reasonable under the circumstances. Plaintiff does not allege that Defendant struck him or beat him in any manner. Defendant pepper-sprayed Plaintiff and then ensured that Plaintiff was quickly taken to the showers to decontaminate and curtail the harmful effects of the pepper spray, which is PCJ policy. Accordingly, Defendant did not use excessive force against Plaintiff.

2. <u>Failure to provide medical care</u>

In his Complaint, Plaintiff also alleges that Defendant did not provide him with any medical treatment following the incident. To prevail on a Fourteenth Amendment claim alleging failure to receive medical treatment, a plaintiff must prove both an objectively serious medical need and that the defendant acted with deliberate indifference to that medical need. <u>Andujar v.</u>

Rodriguez, 486 F.3d 1199, 1203 (11th Cir. 2007). To establish deliberate indifference, a plaintiff must show that the defendant had (1) subjective knowledge of a risk of serious harm; (2) disregard for that risk; (3) by conduct that is more that negligence." Bozeman, 422 F.3d at 1272. The plaintiff must demonstrate that the defendant was aware of a substantial risk of serious harm and that the defendant had drawn the inference that his action or inaction would result in that harm. Burnett v. Taylor, 533 F.3d 1325, 1331 (11th Cir. 2008).

In this case, Plaintiff has failed to demonstrate that Defendant was aware of a need for medical treatment following Plaintiff's decontamination. Plaintiff merely makes conclusory allegations that his back hurt following the incident and that he did not receive a wheelchair or any medical treatment. Plaintiff does not allege that he requested additional treatment from Defendant or show that Defendant denied Plaintiff access to medical treatment in any specific way. Defendant states that he did not believe that Plaintiff's back injury was as serious as Plaintiff claimed because Plaintiff was able to continuously kick the door. Plaintiff's MRI supports Defendant's belief that Plaintiff's back was not as injured as he claimed. The MRI also suggests that Defendant's inaction did not result in additional harm to Plaintiff. Because Plaintiff has failed to demonstrate that Defendant had subjective knowledge that his failure to provide Defendant with medical treatment would result in serious harm, Plaintiff was not deliberately indifferent to Plaintiff's serious medical needs.

<u>CONCLUSION</u>

Because the evidence in the record indicates that Defendant's use of force was reasonable under the circumstances, and because Plaintiff failed to present evidence that Defendant was deliberately indifferent to Plaintiff's medical needs, it is hereby **RECOMMENDED** that Defendants' Motion for Summary Judgment be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1),

the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom the case is assigned **WITIHIN (14) DAYS** after being served with a copy thereof.

      **SO RECOMMENDED**, this 6th day of July, 2012.

s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge